John P. Bowman, as Executor of Mary W. Jewett,
   Deceased, Appellant, *v.* The Domestic and Foreign Mis-
   sionary Society of the Protestant Episcopal Church
   in the United States of America, Respondent, Impleaded
   with Others.

Will — When Indefinite Bequest May Be Supported as a Trust
for Charitable Purposes. A bequest of a specified sum ' to be equally
divided between the Indian Missions and Domestic Missions of the United
States, ' where there are no such corporations or associations and there
is not sufficient extrinsic evidence to identify the legatees, is too indefi-
nite to be construed as a direct bequest to any beneficiary; the bequest,
however, does not fall where the evidence sufficiently indicates the chari-
table purpose of the testatrix, but may be supported as a trust for chari-
table purposes to be administered by the Supreme Court. (L. 1893, ch.
701, amd. L. 1901, ch. 291 )

*Bowman* v. *D mestic & Foreign Missionary Society of P E. Church*, 100
· App. Div. 29, modified.

. (Argued October 11, 1905; decided October 24, 1905.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 28, 1904, which reversed in part a judgment of Special Term construing the will of Mary W. Jewett, deceased.

The facts, so far as material, are stated in the opinion.

*John P. Bowman* and *Timothy J. Nighar* for appellant. This is not a case of misnomer of a legatee, but one where there is an entire failure to name any legatee, and the court cannot supply that omission. (*Lefever* v. *Lefever*, 59 N. Y. 434; *Missionary Society* v. *Reynolds*, 9 Md. 341; *Matter of Goodrich*, 2 Redf. 45; *Mitchell* v. *Presbyterian Church*, 3 Dem. 603.) The bequest referred to is not valid as a charitable use under chapter 701 of the Laws of 1893 as amended by chapter 291 of the Laws of 1901. (*Holland* v. *Alcock*, 108 N. Y. 312; *Allen* v. *Stevens*, 161 N. Y. 122; *Williams* v. *Williams*, 8 N. Y. 524; *Beekman* v. *Bonsor*, 23 N. Y. 298; *Fairchild* v. *Edson*, 154 N. Y. 199; *Mount* v. *Tuttle*, 99 App. Div. 433.)

*Charles E. Hotchkiss, Julien T. Davies* and *Charles K. Allen* for respondent. A misnomer of a society or organization intended to be benefited by a legacy will not defeat a bequest if it can reasonably be shown what society in fact was contemplated by the testator. A bequest to a corporation need not state its corporate name, it being sufficient if the legatee is so defined as to be distinguished from any other. (*Board of Missions* v. *Scovell*, 3 Dem. 516; *Gilmer* v. *Stone*, 120 U. S. 586; *Makeown* v. *Ardagh*, 10 Ir. Rep. Eq. 442; *Miss. Society* v. *Mead*, 131 Ill. 338; *Matter of Maguire*, 9 Eq. Cas. 632; *Tallman* v. *Tallman*, 3 Misc. Rep. 465; *N. Y. Inst.* v. *How*, 10 N. Y. 84; *Leonard* v. *Davenport*, 58 How. Pr. 384, 387; *St. Luke's Home* v. *Association*, 52 N. Y. 191; *Greer* v. *Belknap*, 63 How. Pr. 393; *Canfield* v. *Crandall*, 4 Dem. 111.) The bequest under clause 9 of the will of testatrix should be upheld as a direct bequest to the missionary society. (*Matter of Griffin*, 167 N. Y. 71;

*Bruere* v. *Cook,* 63 N. J. Eq. 624; *Matter of Look,* 7 N. Y. Supp. 298; *Bird* v. *Merklee,* 144 N. Y. 544; *Missionary Society* v. *Gaither,* 62 Fed. Rep. 422; *Matter of Isbell,* 1 App. Div. 158; *Reilly* v. *U. P. Infirmary,* 87 Md. 644; *W. F. Missionary Society* v. *Mitchell,* 93 Md. 199; *Missionary Society* v. *Culvert,* 32 Gratt. 357; *Lane* v. *Eaton,* 38 L. R. A. 669; *Wetmore* v. *Parker,* 52 N. Y. 459; *Vail* v. *L. I. R. R.,* 106 N. Y. 283.) Chapter 701 of the Laws of 1893 has revived the old English laws of charitable uses and trusts. (*McCartee* v. *Orphan Asylum,* 9 Cow. 437; *Dodge Church* v. *Mott,* 7 Paige, 77; *Shotwell* v. *Mott,* 2 Sandf. Ch. 46; *Dammert* v. *Osborne,* 140 N. Y. 30; *Matter of Watson,* 171 N. Y. 256; *Tilden* v. *Green,* 130 N. Y. 29.) The bequest in paragraph 9 of the will was a valid bequest for charitable uses. (*Morse* v. *Morse,* 85 N. Y. 53; 1 Perry on Trusts [5th ed.], § 82; *Missionary Society* v. *Calvert,* 32 Gratt. 357; *Fontain* v. *Ravenel,* 17 How. [U. S.] 369; *Williams* v. *Williams,* 8 N. Y. 525; *Cross* v. *U. S. T. Co.,* 131 N. Y. 330; *Mormon Church* v. *United States,* 136 U. S. 1; *Russell* v. *Allen,* 107 U. S. 163; *Wood* v. *Paine,* 66 Fed. Rep. 807; *Moggridge* v. *Thackwell,* 7 Ves. 36; *Winslow* v. *Cummings,* 57 Mass. 358.) If the bequest under clause 9 of the will of decedent should be held to create a charitable trust, then the missionary society should be appointed the trustee thereunder to carry out the trust. (*Sheldon* v. *Chappell,* 47 Hun, 59; *Currin* v. *Fanning,* 13 Hun, 458; *De Camp* v. *Dobbins,* 29 N. J. Eq. 36.)

Werner, J.  This action was brought to obtain a construction of the will of Mary W. Jewett who died in the village of Clarkson, Monroe county, on or about April 13th, 1903. The only portion thereof in controversy on this appeal is the ninth paragraph which reads as follows: "I give, devise and bequeath the sum of two thousand dollars to be equally divided between the Indian Missions and Domestic Missions of the United States in memoriam of the late Mary A. Archer."

The respondent, The Domestic and Foreign Missionary

Society of the Protestant Episcopal Church of the United
States of America, was duly incorporated under the laws of
this state, having for its purpose the general conduct of mis-
sionary operations in all lands. This society claims to be
entitled to the bequest contained in the above-quoted clause
and for that reason is made a party to the action. Upon oral
evidence showing that the defendant is the only missionary
organization connected with the Protestant Episcopal church,
of which the testatrix had been a lifelong and active member,
the trial court held that the clause in question was void for
indefiniteness in that neither the will nor the evidence was
sufficiently clear to show that the defendant was intended to
be the beneficiary. The Appellate Division reversed the
judgment of the trial court in this respect and held that the
defendant missionary society was described and indicated with
enough accuracy to be entitled to the bequest.

We think the trial court correctly held that the clause in
question, even when read in connection with evidence adduced
at the trial, was too indefinite to be construed as a direct
bequest either to the defendant or to any other beneficiary.
But we are also of the opinion that the bequest did not fall
and that it can be supported as a trust for charitable purposes
under the provisions of chapter 701 of the Laws of 1893, as
amended by chapter 291 of the Laws of 1901.

Section 1 of that act, which was not changed by the amend-
ment of 1901, reads as follows: "No gift, grant, bequest or
devise to religious, educational, charitable, or benevolent uses,
which shall, in other respects be valid under the laws of this
state, shall or be deemed invalid by reason of the indefinite-
ness or uncertainty of the persons designated as the bene-
ficiaries thereunder in the instrument creating the same. If
in the instrument creating such a gift, grant, bequest or
devise there is a trustee named to execute the same, the legal
title to the lands or property given, granted, devised or
bequeathed for such purposes shall vest in such trustee. If
no person be named as trustee then the title to such lands or
property shall vest in the supreme court."

The effect of this statute, as demonstrated in the case of *Allen* v. *Stevens* (161 N. Y. 122) was to restore the ancient doctrine of charitable uses and trusts as a part of the law of this state, and the statute was designed to cover just such a case as the one at bar. The obvious purpose of the testatrix was to have this fund distributed for the benefit of domestic and Indian missions. She was a regular member, attendant and communicant of the Protestant Episcopal church, and actively engaged in the charitable work carried on through its instrumentality. The defendant is the organized medium through which the Protestant Episcopal church of America carries on its missionary operations, which include work in the western states and territories among the Indians, negroes and white people, and in the prosecution of which large sums are disbursed every year.

The ninth clause, supplemented by the evidence, sufficiently indicates the charitable purpose to which the testatrix desired to apply her bequest, to enable the Supreme Court, under the power derived from the statute, to administer this as a trust in which the beneficiary or trustee is not named or designated with absolute certainty or correctness. This it can do through the instrumentality of a trustee appointed by it. If that course is deemed wise, the court will doubtless be influenced in the choice of a trustee by the nature of the charity to be administered and may appoint the defendant as the medium best adapted to accomplish the end sought.

The judgment appealed from should be modified as indicated herein, and as thus modified affirmed, without costs to either party as against the other.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT and VANN, JJ., concur; O'BRIEN, J., absent.

Judgment accordingly.