(139 App. Div. 665.)

### MANLEY v. FISKE et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

1. TRIAL (§ 404*)—FINDINGS—FINDINGS OF FACT AND LAW.
   A finding that under the law of England and of the state of New York the validity of a certain charitable bequest should be determined according to the law of the place where the gift is to take effect, though denominated a conclusion of law, was, so far as the law of England was concerned, a conclusion of fact.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 957–962; Dec. Dig. § 404.*]

2. WILLS (§ 675*)—TRUSTS—CREATION—SUFFICIENCY OF LANGUAGE—"GIFT."
   Testator's will provided that he desired his executors to divide the surplus among such charities as they might think well of with a suggestion as to a certain class of objects to which testator "would like" the money to be given.  Held a valid "gift," within Laws 1893, c. 701, as amended by Laws 1901, c. 291, and to create a valid trust the suggestion being equivalent to a command so that the purpose of the gift was certain, leaving only the beneficiaries uncertain.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1587–1589; Dec. Dig. § 675.*

   For other definitions, see Words and Phrases, vol. 4, pp. 3084–3087; vol. 8, p. 7670.]·

3. TRUSTS (§ 159*)—ATTORNEY GENERAL AS TRUSTEE.
   In a suit for the construction of a will creating a charitable trust, it was improper to appoint the Attorney General a trustee, it being his duty under the statute to see that the trust is carried out.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 206; Dec. Dig. § 159.*]

Appeal from Special Term, New York County.

Action by Isabella M. Manley against Harrison Grey Fiske and others to construe the will of Henry Howard Paul.  Appeal by plaintiff from a portion of a judgment (123 N. Y. Supp. 129), upholding the validity of a charitable bequest.  Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and MILLER, JJ.

J. Hampden Dougherty, for appellants.
Charles E. Lydecker, for respondents Fiske and others.
E. C. Crowley, for respondent Attorney General.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLER, J. Henry Howard Paul, an American citizen, domiciled in England, died on the 9th of December, 1905, leaving personal property in Great Britain and in the state of New York. He disposed of the property in Great Britain by what he denominated his English will, which, with the codicil thereto, has been proved in England. He disposed of his property in the state of New York, consisting of money on deposit with the Union Trust Company of the city of New York, by what he denominated an American will, which has been admitted to probate by the surrogate of New York county, and letters testamentary have been issued thereon. This action is brought for a construction of the so-called American will, it being contended that an attempted charitable bequest is void. The Special Term sustained the validity of the bequest in question. We have before us only the judgment roll. The court found at the request of the plaintiff that "under the law of England and of the state of New York the validity or invalidity of the attempted charitable bequest is to be determined according to the law of the place where the gift is to take effect." While that is denominated a conclusion of law, so far as the law of England is concerned, it is a conclusion of fact. The appellant makes a point that the bequest contravenes a section of the English Mortmain Act, § 7, c. 42, of Statutes 51–53, Victoria 1888. That particular section of the act is set forth in the findings of fact. But it is impossible to tell from a single section of a statute, dissociated from its context, whether it applies to a particular case; and in view of the finding, above quoted, which evidently expressed the theory of both sides to this controversy, we shall pass that question without further consideration.

The provision of the will in question is as follows:

"After the above legacies are paid without unnecessary delay, the sum remaining I desire my executors to divide the surplus among such American charities they may think well of and I would like these sums to be given to any society that assist poor needlewomen (seamstresses) whose toil is so poorly requited. If no such organization exists the money to be divided for the benefit of incapacitated sailors and their families."

The appellants contend that no trust was created or intended, and that the bequest is void for indefiniteness.

There can be no doubt that the bequest would be void but for chapter 701 of the Laws of 1893, as amended by chapter 291 of the Laws of 1901. The appellants contend that the purpose as well as the beneficiaries of the gift are indefinite, and that the statute only saved gifts which would otherwise have been void for indefiniteness of beneficiary. That argument would have been well founded if the testator had stopped with the direction that his executors divide "the surplus among such American charities they may think well of." But the words which follow—i. e., "I would like these sums to be given to any society that assist poor needlewomen (seamstresses) whose toil is so poorly requited"—are equivalent to a command. The primary purpose of the bequest was, then, to assist poor needlewomen. The beneficiaries alone are indefinite, and the case comes directly within the statute.

It is next contended, however, that the statute was intended only to save trusts for charitable uses, and that no trust was created. It is

true that there are no express words creating a trust, as there are no express words of gift; but it is quite plain that a trust was intended. A trust is almost inseparably involved with a gift for charitable uses, and the statute provides for the case of a failure to select a trustee as well as for the case of indefiniteness of beneficiary. In case no trustee is named, the title vests in the Supreme Court. The case of Bowman v. Domestic and Foreign M. Soc. C. C., 182 N. Y. 494, 75 N. E. 535, seems to be controlling on this point. In that case, the words of the bequest were:

"I give, devise and bequeath the sum of $2,000 to be equally divided between the Indian Missions and Domestic Missions of the United States in memoriam of the late Mary A. Archer."

It was held that the clause was too indefinite to construe as a direct bequest, but that it could be supported as a trust for charitable purposes under the provisions of the statute of 1893, and that the Supreme Court could administer the trust. It might be argued with force that the testator intended his executors to act as the trustee, but any difficulty on that head is obviated by the appointment of them as trustees.

The appellants rely upon Matter of Shattuck, 193 N. Y. 446, 86 N. E. 455, and Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. S. 433, affirmed 187 N. Y. 524, 79 N. E. 1105. In the latter case, there was a direct bequest to a society incapable of taking. In the former case, the gift was to the executor in trust to pay the rents, income, and profits "over to religious, educational or eleemosynary institutions as, in his judgment, shall seem advisable." It was assumed that the gift was not void for the wide discretion left to the trustee, and the great uncertainty as to who were to be the beneficiaries; but it was held that the word "educational" did not necessarily describe a public or charitable institution; that therefore the trustees were not limited to an application of the fund to public charity, and that the case did not come within the statute. Here, it must be assumed that the testator intended a valid disposition of his property. His object was to assist poor needlewomen—to benefit an indefinite class of persons. He therefore intended a public charity. It is not to be supposed that he intended the money to be paid over to unincorporated societies, and, of course, that could not be permitted. I see no difficulty in the way of upholding this provision as a trust for charitable uses, the object of it being the assistance of poor needlewomen. That purpose may be accomplished through the medium of any incorporated society having that for its object. The purpose is sufficiently indicated to enable the court to control the action of the trustees, and it is made the duty of the Attorney General to see that the trust is properly administered. This will was evidently drawn by the testator himself. His purpose is reasonably plain, and I think that it should be carried out, if any effect whatever is to be given to the statute in question.

It was improper to appoint the Attorney General as trustee. The statute contemplates that he shall act in another capacity. The judgment should be modified by striking out the provision appointing the Attorney General as trustee, and, as thus modified, affirmed, with costs to all parties who have appeared and submitted briefs on this appeal, payable out of the estate. All concur.