In the Matter of the Probate of the Will of MARY S. ROBINSON, Deceased.

BURTON C. MEIGHAN, as Executor and Trustee, et al., Appellants; OTHEMAN A. STEVENS et al., Respondents.

Testamentary trusts — trusts for benefit of "religious, educational, charitable or benevolent uses" — rules for construction of testamentary provisions creating such trusts — will examined and held to create a valid trust within the meaning of the statute.

1. A will must sufficiently define the beneficiaries and the purpose of the testator so that a trust can be enforced by the courts, otherwise the will does not come within the provisions of the statutes which permit gifts for religious, educational, charitable or benevolent uses, to indefinite or uncertain beneficiaries. The gifts must also be for a public and not for a private purpose.

2. Where certain things are enumerated and such enumeration is followed or coupled with a more general description, such general description is commonly understood to cover only things *ejusdem generis* with the particular things mentioned. In such case it is presumed that the testator had only things of that class in mind.

3. A construction which is fairly within the rules of law and that sustains a trust and devotes the fund included therein to purposes permitted by law and to the good of humanity should be preferred.

4. Testatrix directed her trustees to disburse the principal or interest of her residuary estate, or both, in their discretion "To provide shelter, necessaries of life, education, general or specific, and such other financial aid as may seem to them fitting and proper to such persons as they shall select as being in need of the same," and authorized her trustees to carry out such provisions or to cause to be created a corporation therefor. *Held*, that the purpose of the testatrix was within the language of the statute which authorizes gifts "to religious, educational, charitable, or benevolent uses," and that the courts can and will, at the suit of the attorney-general of the state, compel the trustees to carry out the will according to such purpose and for such uses.

*Matter of Robinson*, 145 App. Div. 925, modified.

(Argued October 5, 1911; decided November 28, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

June 16, 1911, so far as it affirms that part of a decree of the Westchester County Surrogate's Court which adjudged a specified trust contained in the will of the testatrix invalid.

Mary S. Robinson, the testatrix, died a resident of Westchester county, October 16, 1909, leaving an estate consisting of personal property only. She left an instrument in writing bearing date January 26, 1904, purporting to be her last will and testament. It was offered for probate in the Surrogate's Court of Westchester county and her next of kin and the attorney-general of the state of New York were duly cited to appear in the proceeding. The next of kin and said attorney-general thereafter duly appeared and one of said next of kin filed an answer to the petition for the probate of said will expressly putting in issue the validity, construction, and effect of the 6th to 11th paragraphs inclusive, of said instrument, and in said answer denied that the said provisions constitute a valid disposition of personal property by will under the laws of this state.

The surrogate found that the will was duly executed in accordance with the laws of the state of New York, and that it is the last will and testament of said deceased, but he found as a conclusion of law that the trusts attempted to be created by the 6th, 7th and 9th paragraphs of said will are invalid and that the 8th, 10th and 11th paragraphs of said will are void and that the testatrix died intestate as to all of her property except that part thereof given and bequeathed by the 2d, 3d and 4th paragraphs of her said will, and that the next of kin of the testatrix are entitled to her residuary estate in equal shares. (*Matter of Robinson*, 71 Misc. Rep. 87.) An appeal was taken by the executor and trustees named in the will from the decree of the Surrogate's Court entered in accordance with said findings to the Appellate Division of the Supreme Court so far as it declares parts of said will invalid or void. The Appellate Division modified

382     MATTER OF ROBINSON.

[203 N. Y.]          Statement of case.          [Nov.

said degree by declaring valid the trust set forth in the 6th and 7th paragraphs of the will and as so modified said decree was affirmed. (*Matter of Robinson*, 145 App. Div. 925.)

The 8th paragraph of the will provides in case of the death of certain persons and the survivor of them, or of certain other contingencies, for a gift over of the fund given in trust by the 6th and 7th paragraphs of the will to the fund provided by the 9th paragraph of the will. The 11th paragraph of the will provides that if any person named in the will contests the same, such person shall forfeit any right to participate in the estate.

The 9th and 10th paragraphs of the will are as follows: "*Ninth*. I direct my said executor to pay over the rest, residue and remainder of my estate to the said Burton C. Meighan and Frank B. Upham, in trust, however, for the following uses and purposes: The said trustees are to invest such portion of the fund as shall not be used for the purposes herein specified, in the securities prescribed by law as savings bank investments, and they are to disburse the principal or interest, or both, of said fund in their discretion as follows, to wit:

"To provide shelter, necessaries of life, education, general or specific, and such other financial aid as may seem to them fitting and proper to such persons as they shall select as being in need of the same. Preference is to be given to persons who are elderly or disabled from work, and to persons who are Christians, of good moral character, members of one of the so-called evangelical churches, to wit, the Methodist, Baptist, Presbyterian, Congregational, Moravian or Episcopal, and who are not addicted to the use of intoxicants or tobacco, nor to attendance at theatrical entertainments.

"*Tenth*. I authorize and empower my said trustees, in their discretion, to appoint other persons, not exceeding five, to act with them in the execution of the trusts, or either of them, herein provided for; and I direct that the

execution of said trusts shall thereupon devolve upon all of the said trustees jointly and upon the survivors of them. If the said two trustees, Burton C. Meighan and Frank B. Upham, deem it advisable, they may cause a corporation to be created for the purpose of executing the trusts provided for in this will."

The executor and trustees named in the will appeal from that part of the order of the Appellate Division which affirmed the decree of the surrogate declaring the 9th paragraph of the will invalid and the 10th and 11th paragraphs void.

*Lewis E. Carr, Arthur M. Johnson* and *Henry Necarsulmer* for appellants. Trusts for religious, charitable, educational or benevolent uses are recognized by the statute law of the state of New York, and such trusts are not invalid by reason of the indefiniteness or uncertainty of the beneficiaries named therein and such trusts are not subject to the statute against perpetuities. (L. 1909, ch. 45, § 12; L. 1909, ch. 52, § 113; *Matter of Shattuck*, 193 N. Y. 446; *Allen* v. *Stevens*, 161 N. Y. 122; *Rothschild* v. *Schiff*, 188 N. Y. 327; *Bowman* v. *D. & F. M. Soc.*, 182 N. Y. 494; *Mount* v. *Tuttle*, 183 N. Y. 358; *St. John* v. *Andrews Institute*, 191 N. Y. 254; *Murray* v. *Miller*, 178 N. Y. 316.) The construction of the provisions of paragraph ninth of the will made by the surrogate and adopted by the Appellate Division was erroneous. (*Roosa* v. *Harrington*, 171 N. Y. 341; *Kahn* v. *Tierney*, 135 App. Div. 897; *Crozier* v. *Bray*, 120 N. Y. 366; *Matter of Hermance*, 71 N. Y. 481; *People ex rel. Huber* v. *Feitner*, 71 App. Div. 479; *Matter of Reynolds*, 124 N. Y. 388; *Donohue* v. *Keeshan*, 91 App. Div. 602; *Du Bois* v. *Ray*, 35 N. Y. 162; *Mee* v. *Gordon*, 187 N. Y. 400; *Lewis* v. *Howe*, 174 N. Y. 340; *Haug* v. *Schumacher*, 166 N. Y. 506.) Properly construed, the provisions of paragraph ninth of the will of Mary S. Robinson constitute a valid gift in trust for educational, charitable and

benevolent uses under the provisions of the statutes. (*Kelly* v. *Hoey*, 35 App. Div. 273; *Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Shattuck*, 193 N. Y. 446; *Manley* v. *Fiske*, 139 App. Div. 665; 201 N. Y. 546; *Matter of Griffin*, 167 N. Y. 71; *F. L. & T. Co.* v. *Ferris*, 67 App. Div. 1; *Matter of Durand*, 56 Misc. Rep. 235.) The purpose and intention of the testatrix in making the trust contained in paragraph ninth of the will of Mary S. Robinson are sufficiently defined, and no objection on that ground can properly be urged to the validity of the trust. (*Matter of Shattuck*, 193 N. Y. 446; *Rothschild* v. *Schiff*, 188 N. Y. 327; *St. John* v. *Andrews Inst.*, 191 N. Y. 254; *Fairchild* v. *Edson*, 154 N. Y. 199; *Kelly* v. *Hoey*, 35 App. Div. 273; *Bowman* v. *D. & F. M. Society*, 182 N. Y. 494; *Hull* v. *Pearson*, 36 App. Div. 224; *Matter of Griffin*, 167 N. Y. 71; *Allen* v. *Stevens*, 161 N. Y. 122.)

*Edward R. Otheman* for respondents. The ninth clause of the will does not constitute a charitable trust, and was, therefore, correctly held by the Appellate Division to be void. (*Matter of Shattuck*, 193 N. Y. 446; *Schettler* v. *Smith*, 41 N. Y. 328; *Morris* v. *Bishop of Durham*, 9 Ves. 399; *Matter of Scott*, 31 Misc. Rep. 85; *Matter of Seymour*, 67 Misc. Rep. 347; *Manley* v. *Fiske*, 139 App. Div. 665.)

CHASE, J. Gifts for religious, educational, charitable or benevolent uses, to indefinite or uncertain beneficiaries, are now permitted in this state by express provision of statute. (Personal Property Law, sec. 12, Laws of 1909, chap. 45; Real Property Law, sec. 113, Laws of 1909, chap. 52.)

The law relating to gifts for charitable uses as it existed prior to chapter 701 of the Laws of 1893, which was substantially re-enacted in said Personal Property Law and said Real Property Law, has been changed. (*Matter of Shattuck*, 193 N. Y. 446; *Bowman* v. *Domestic & For-*

*eign Miss. Soc.*, 182 N. Y. 494; *Allen* v. *Stevens*, 161 N. Y. 122.)

The spirit of love and religion which is the basis of charity should be exercised in construing the provisions of such acts. A will, however, must sufficiently define the beneficiaries and the purpose of the testator so that the trust can be enforced by the courts, otherwise the will does not come within the provisions of the acts. The gifts must be also for a public and not for a private purpose. This court has recently construed the provisions of the act of 1893 in the *Shattuck* case and there say : '' It is manifest that it is necessary for a testator to define his purpose and intention in making a trust sufficiently so that the court at the instance of the attorney-general representing the beneficiaries, can by order direct in carrying out the trust duty.'' And the court further say: '' The intention of the legislature in passing the act of 1893, was to save to the public, charitable gifts made in trust to uncertain and indefinite beneficiaries. Gifts for the benefit of private institutions or individuals were not intended to be included within its provisions.'' (pp. 451, 452.)

It is not seriously contended but that the trust attempted to be created by the 9th paragraph of the testatrix's will is within the provisions of the Personal Property Law and can be carried out, providing the purpose and intention of the testatrix in defining the beneficiaries is lawful and sufficiently clear so that the same can be enforced by the courts.

The important question for determination on this appeal is whether the gift provided by the will is confined to religious, educational, charitable or benevolent uses. The answer to such question involves the purpose of the testatrix.

The Personal Property Law so far as necessary for the present discussion is as follows : '' No gift, grant, or bequest to religious, educational, charitable, or benevo-

lent uses, which shall in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same  *  *  *." The purpose of the trust must come within the uses specified in the act. In construing the will now under consideration the words "such other financial aid" must be read with the words that precede them, and the expression of preference in selecting persons to receive the fund subsequently stated in the same paragraph, and as so read the preceding words not being exhaustive, such comprehensive words should be held to refer to financial aid of the same general character and purpose as that included in such preceding words. They should be construed to mean other financial aid for similar urgent and necessary purposes. (*Matter of Reynolds*, 124 N. Y. 388; *Matter of Hermance*, 71 N. Y. 481, 487; *Lewis* v. *Howe*, 174 N. Y. 340, 346; *People ex rel. Huber* v. *Feitner*, 71 App. Div. 479; *Garvey* v. *Garvey*, 150 Mass. 185; 1 Jarman on Wills [5th ed.], 417.)

The rule which we are applying is that where certain things are enumerated, and such enumeration is followed or coupled with a more general description, such general description is commonly understood to cover only things *ejusdem generis* with the particular things mentioned. In such case it is presumed that the testator had only things of that class in mind. (*Given* v. *Hilton*, 95 U. S. 591.)

The word "need" is used in the same paragraph of the will as a noun and as such it is defined to mean "A state requiring supply or relief; pressing occasion for something; urgent want; necessity; exigency." It is also defined to mean "The lack of anything desired or useful, as, 'He felt the need of a better education.'" The latter meaning is by lexicographers said to be its meaning in a milder sense. Its general and more commonly accepted meaning is stated in the first quoted definition, and also

as "Want of the means of subsistence; poverty; indigence; destitution."

Reading the statement of preference in the selection of beneficiaries in connection with the words "shelter, necessaries of life, education, general or specific," and also associating with such words the thought of want and necessity which in the connection in which they are used they naturally and commonly imply, it is plain and unmistakable that the testatrix intended the trust for the benefit of those in need who require shelter, necessaries of life and education, and not for those simply desiring something useful, and that the discretion vested in her trustees extends only to selecting such persons as to them shall seem fit and proper among those in want, necessity, exigency, poverty, indigence and destitution.

Construed as stated, the purpose of the testatrix was within the language of the statute which authorizes gifts "To religious, educational, charitable, or benevolent uses" Shelter, necessaries of life, education and other like benefactions to be supplied to those in need to be selected by the trustees is a definite purpose.

It is urged, however, by the respondent that the will authorizes the trustees to expend the fund for special education and that to such extent it is not within the terms of the statute. The language of the statute does not confine educational uses to such as are general. There is nothing in the fact that specific education as distinguished from general or common school education was contemplated by the testatrix that condemns the trust as being one other than for charitable uses. Charity at least includes any department or extent of education primarily and fairly calculated to make the recipient self supporting. A gift is not without the bounds of charity because the training contemplated thereby may include special or specific education. (*St. John* v. *Andrews Institute,* 191 N. Y. 254; *Rothschild* v. *Schiff,* 188 N. Y. 327; *Matter of Shattuck, supra.*)

The respondent refers to the *Shattuck* case as specifically holding that the word "educational" as used in the statute, does not necessarily indicate a public charitable use. In that case this court say : "The word 'educational' does not necessarily describe a public or charitable institution and for that reason as we will show the trust is not saved by the provisions of the act of 1893." (p. 452.) That language was used with reference to an educational *institution* and in connection with a will that gave in general terms the trustee authority to use the income of the trust by paying the same "to religious, educational or eleemosynary *institutions* as in his judgment shall seem advisable."

It was there held that an educational institution includes a private as well as a public institution, and that so far as it included a private institution it was without the terms of the statute.

In the will now under consideration a gift to an institution is not contemplated. It authorizes the use of the money included in the trust to furnish an "education; general or specific." A specific education is no more without the charitable purpose of the testatrix than is a general education, and the construction of the words relating to education are in no way controlled by what was said in the *Shattuck* case.

It is doubtless true that the paragraph of the will by which the trust is attempted to be created is susceptible of more than one construction, but a construction which is fairly within the rules of law and that sustains the trust and devotes the fund included therein to purposes permitted by law and to the good of humanity should be preferred. (*Crozier* v. *Bray*, 120 N. Y. 366, 375; *Mee* v. *Gordon*, 187 N. Y. 400, 410; *Young Women's C. Home* v. *French*, 187 U. S. 401; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Kelly* v. *Hoey*, 35 App. Div. 273; Thomas Law of Estates Created by Wills, 1657.)

In our judgment the construction of the will as we

have indicated is the more reasonable one. It being determined from the will that the trust and the purpose of the testatrix in her attempt to establish it are for the uses enumerated in the statute, the courts can and will, at the suit of the attorney-general of the state, compel the trustees to carry out the same according to such purpose and for such uses.

Trusts otherwise valid under the acts mentioned are sustained, although the beneficiaries are not necessarily or in terms confined to residents of this state. (*St. John* v. *Andrews Institute, supra; Manley* v. *Fiske,* 139 App. Div. 665; affd., 201 N. Y. 546; *Allen* v. *Stevens, supra; Rothschild* v. *Schiff, supra; Bowman* v. *Domestic & Foreign Miss. Soc., supra.*)

A gift for the uses specified in the statute may, under the direction of the will, be administered and enforced by and through a corporation subsequently created for that purpose. (*St. John* v. *Andrews Institute, supra.*)

The validity and effect of the 11th paragraph of the will was not discussed, nor was a decision upon the appeal so far as it relates thereto insisted upon in this court.

The order of the Appellate Division so far as it relates to the 9th and 10th paragraphs of the will should be reversed, and the provisions of the said paragraphs of the will should be declared valid and enforcible, with costs to all parties appearing and filing briefs, payable out of the fund.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Ordered accordingly.