In the Matter of the Judicial Settlement of the Account of WILLIAM RASQUIN, JR., and MARTIN E. BURKE, as Executors, etc., of MARY E. DALE BURKE, Deceased. TOWN OF ORLEANS, BARNSTABLE COUNTY, MASSACHUSETTS, Appellant; MARTIN E. BURKE, Individually and as Executor, etc., and WILLIAM RASQUIN, JR., as Executor, etc., Respondents.

(Supreme Court, First Department, December 31, 1913.)

WILL—CHARITABLE TRUST—CAPACITY OF TOWN IN MASSACHUSETTS TO ACCEPT TRUST—PERSONAL PROPERTY LAW, SECTION 12—INDEFINITENESS OF BENEFICIARIES.

    A provision in a will by which a testatrix devises to a town in Massachusetts a certain sum of money in trust, the income to be used for the benefit of the poor of said town, is valid.

    A town in the State of Massachusetts has legal capacity to accept and execute such a trust.

    The beneficiaries in said trust are not so indefinite as to render it invalid, since section 12 of the Personal Property Law provides that such a trust, otherwise valid under the laws of this State, shall not be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as beneficiaries.

APPEAL by the Town of Orleans, Barnstable County, Massachusetts, from a decree of the Surrogate's Court of the county of New York, entered in said surrogate's office on the 16th day of June, 1913, settling the accounts of the executors herein.

Norman B. Beecher, for the appellant.

William Rasquin, Jr., for the respondents.

McLAUGHLIN, J.—The question presented by this appeal involves the validity of a legacy contained in the last will and testament of Mary E. Dale Burke, who died subsequent to

September, 1909. The legacy was as follows: "*Second*. I give
and devise to the Town of Orleans, in the County of Barn-
stable, State of Massachusetts, the sum of five thousand dol-
lars, in trust, nevertheless, that the said town by and through
its proper officers, shall invest and keep the same invested so
as to obtain the best interest and income available and apply
the said interest and income to and for the benefit of the poor
of said town."

The executors named in the will, to whom letters testamen-
tary were issued, instituted this proceeding for a final settle-
ment of their accounts, in which it appeared that they had
refused to pay the legacy on the ground that the same was
invalid. The town of Orleans filed objections to the account,
claiming that the legacy was valid and should be paid. The
surrogate referred the question to a referee, who found in favor
of the executors' contention and reported that the residuary
legatee was entitled to the money sought to be disposed of by
the provision of the will quoted. The report was confirmed
by a decree of the Surrogate's Court and the town of Orleans
appeals.

The referee based his report upon the ground that the trust
which the testatrix attempted to create in favor of the town of
Orleans was invalid because, (a) the town did not have the
legal capacity to accept and execute it; and (b) because the
beneficiaries were so indefinite that the same could not be en-
forced.

The statute of Massachusetts and judicial decisions made
under it were, by stipulation, considered in evidence, from
which I am of the opinion that the town has the power to
accept the money sought to be given to it and dispose of the
same as directed by the testatrix. The town exists under the
general laws of the Commonwealth of Massachusetts applica-
ble to towns, and is subject to the Revised Laws of 1902
(Chap. 25, § 13), which provides in part that " A town * * *

may hold personal estate for the public use of the inhabitants, and alienate and dispose of the same." To relieve, in a proper case, the poor of the town of Orleans is one of the duties imposed by statute upon the appellant. (See Revised Laws Mass. [1902] chap. 81, § 1 *et seq.*) It is, therefore, specifically authorized by statute to hold property for that purpose.

In Higginson v. Turner (171 Mass. 586) the court held that the town of Boston and its successor, the city of Boston, had authority to accept and execute the trust created by the will of Benjamin Franklin, which was to hold £2,000, and loan it out at five per cent interest to young married artificers. " It is now well settled," said the court in that case, " that a town may, in its corporate capacity, accept a gift of real or personal estate left to it in trust for charitable purposes, and may act as trustee and execute the trust."

In Nourse v. Merriam (8 Cush. 11) the court, in holding that the town of Bolton might administer a trust for the benefit of a school, said: " We have no doubt that a municipal corporation, a town, in Massachusetts, is competent to take and hold real and personal estate in its corporate capacity for the promotion and advancement of any of the purposes for which these corporations are established; not only those for which such town may raise and assess money on the inhabitants by taxation, but to analogous purposes, or those of like kind, such as are for the common convenience and accomodation of the inhabitants, though not required by law."

And in Kennedy v. Town of Palmer (1 T. & C. 581) the Supreme Court of this State held that the town of Palmer, in Massachusetts, could accept a gift of $1,000, to be held in trust and the income " paid over and used for the benefit of the poor of said town."

The other ground upon which the referee based his conclusion is likewise untenable, since indefiniteness of the beneficiary does not, under the statute, render invalid a trust

created for charitable purposes. In 1893 a statute was passed
(Laws of 1893, chap. 701, § 1; now Pers. Prop. Law [Consol.
Laws, chap. 41; Laws of 1909, chap. 45], § 12, subd. 1) pro-
viding, in the phraseology of the present statute, among other
things, that "no gift, grant or bequest to religious, educa-
tional, charitable or benevolent uses, which shall in other res-
pects be valid under the laws of this State, shall be deemed in-
valid by reason of the indefiniteness or uncertainty of the per-
sons designated as the beneficiaries thereunder in the instru-
ment creating the same."

Here, the beneficiaries are "the poor of said town." The
poor of the town of Orleans is no more indefinite than many
other provisions in wills which have been held sufficient since the
passage of the act of 1893. Thus, it was held in Starr v.
Selleck (145 App. Div. 869; affd., 205 N. Y. 545) that a
testamentary gift to trustees "to be used toward the purpose
of maintaining a club house or club rooms for the social resort
of young men and boys upon the west side of the city of New
York, borough of Manhattan, or to the purposes of similar
work, social or educational, for such young men or boys as
individuals," was valid. Also that a gift for the education of
"sons of poor clergymen in France intending to become minis-
ters of the Gospel" could be carried out (Matter of Miller,
149 App. Div. 113), as could one to assist "poor needlewomen
(seamstresses) whose toil is so poorly requited." (Manley v.
Fiske, 139 App. Div. 665; affd., 201 N. Y. 546.)

In Matter of Robinson (203 N. Y. 380) a testatrix directed
her trustees to disburse the principal or interest of her resid-
uary estate, or both, in their discretion, "to provide shelter,
necessaries of life, education, general or specific, and such
other financial aid as may seem to them fitting and proper, to
such persons as they shall select as being in need of the same,"
and authorized her trustees to carry out such provision. It
was held that the purpose of the testatrix was within the

language of the statute which authorized gifts " to religious, educational, charitable or benevolent uses " and that the court could and would compel the trustees to carry out the same.

The authorities cited by the respondents (Fosdick v. Town of Hempstead, 125 N. Y. 581; Tilden v. Green, 130 id. 29, and Fairchild v. Edson, 154 id. 199) are in no way in conflict with this view, since they involve testamentary gifts which went into effect prior to the enactment of the statute referred to.

The decree of the Surrogate's Court is, therefore, modified so as to direct the executors to pay to the appellant the legacy in question, together with costs to the appellant and the executors payable out of the estate.

INGRAHAM, P. J., LAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Decree modified as stated in opinion, with costs to appellant and executors payable out of the estate. Order to be settled on notice.