In the Matter of the Judicial Settlement of the Account of Proceedings of SAMUEL P. DAVIDGE and FRANCIS ROONEY, as Executors, etc., of FLORENCE HARRIETT DAVIDGE, Deceased.
FRANCIS ROONEY, as Executor, etc., and Others, Appellants; RUSSELL WIGGINS and Others, Respondents.

Second Department, March 17, 1922.

**Wills — construction — charitable trusts — trust to be applied to aid any person selected by trustees to secure education is valid — provision that beneficiary shall restore amount loaned not invalid as accumulation.**

A provision in a will bequeathing a fund to trustees wherein the testatrix, in outlining the purpose of the trust, declares: " It is my·desire that a portion of my property be devoted perpetually to educational uses and it is my intention by this my last will and testament to provide for the establishment of an Educational Fund to be devoted to educational uses," and further expresses her conviction " that one person well equipped with an education sufficient for his or her life work, whatever that life work may be, can be of greater service to humanity than numbers ill equipped," which authorizes the trustees, in their discretion, to devote either the whole or any portion of the income of the said fund " either to one person or to several persons, for such period or periods of time as the said trustees in their discretion may determine, for the purpose of assisting such person or persons to prepare for his or her or their life work." and does not limit the beneficiaries to any sex, age, creed, nationality or race, nor the education of any beneficiary to any particular kind, creates a valid, charitable trust within section 113 of the Real Property Law and section 12 of the Personal Property Law, which statutes authorize gifts " to religious, educational, charitable or benevolent uses."

A charitable use which involves a perpetuity is no longer invalid, nor does the fact that the beneficiaries of the trust are indefinite in any way vitiate the charitable use; a charitable use is public and for indefinite beneficiaries.

The provision in the will that " before any benefit of the said Fund be conferred upon any person the said person shall agree to restore to the Fund the amount which he or she shall draw therefrom " does not command the accumulation of income in violation of the statutes, as there is nothing in the provision which prevents the immediate expenditure of the income, and that being so, there can be no resulting accumulation with addition to the capital account.

APPEAL by Francis Rooney, as executor, etc., and others from so much of a decree of the Surrogate's Court of the county of Orange, entered in the office of said Surrogate's Court on the 28th day of March, 1921, as adjudges that the provisions of the 9th clause of said will creating a trust are invalid, and that the 10th clause of said will is invalid.

*Francis Rooney,* for the appellants.

*Ralph Royall,* as *amicus curiæ.*

*Robert P. Beyer, Deputy Attorney-General,* for the Attorney-General.

Second Department, March, 1922. [Vol. 200

KELBY, J.:

The executors under the last will and testament of Florence Harriett Davidge, deceased, filed their account of proceedings as such executors in the Surrogate's Court of Orange county. The executors were not in accord on the question of the validity of a trust created by their testatrix in the 9th clause of her will, and one of the executors, since deceased, asked that the question of the validity of the trust be determined upon the accounting. The court below has determined that the provisions of the 9th paragraph of the will created a trust for a charitable use and was, therefore, not invalid because of uncertainty of beneficiaries; the court also held, however, that the provisions of the said paragraph of the will were repugnant to section 16 of the Personal Property Law and section 61 of the Real Property Law (as respectively amd. by Laws of 1915, chap. 670), in that they provided for an invalid accumulation of income.

The surviving executor appeals from this determination, and while the deceased executor has no present standing in this proceeding, this court has allowed counsel who represented the deceased executor on the accounting to file briefs as *amicus curiæ*.

The clause of the will in question reads as follows:

" *Ninth.* It is my desire that a portion of my property be devoted perpetually to educational uses and it is my intention by this my last will and testament to provide for the establishment of an Educational Fund to be devoted to educational uses as hereinafter more specifically provided, and accordingly I do bequeath to my trustees hereinafter named in trust for the purposes of the said Educational Fund one-twentieth of all my personal property exclusive of the several objects herein specifically bequeathed. I believe that one person well equipped with an education sufficient for his or her life work, whatever that life work may be, can be of greater service to humanity than numbers ill equipped, and accordingly I do authorize my trustees in their discretion to devote either the whole or any portion of the income of the said Fund, and of such additions to the said Fund as may accrue, semi-annually or more frequently in their discretion, either to one person or to several persons, for such period or periods of time as the said trustees in their discretion may determine, for the purpose of assisting such person or persons to prepare for his or her or their life work, and I authorize the said trustees to confer the benefit of the said Fund upon any person or persons domiciled within the United States, of either sex, or of any age, creed, nationality or race, without limiting that preparation to a college education or a professional education, but specifically providing

that it may embrace any education of any nature or kind whatsoever in the discretion of the trustees tending to fit the beneficiary for a life of useful work. I direct that before any benefit of the said Fund be conferred upon any person the said person shall agree to restore to the Fund the amount which he or she shall draw therefrom and to begin to make payments in return to the said Fund within five years after entering upon his or her life work, in whatever business or profession or service he or she may enter.

" I hereby authorize my trustees in their discretion to effect the organization of a corporation for the perpetuation of the purposes of this Fund, and if my said trustees shall effect the organization of such a corporation I desire that they, the survivors and survivor of them, serve as directors or trustees of the said corporation as long as they live. In case my trustees should not effect the organization of such a corporation I authorize them in their discretion to pay over the entire property vested in them as trustees of the said Educational Fund to such corporation or other institution devoted to educational uses as may be best fitted to carry out the purposes of the said Educational Fund."

The clear intent of the testatrix was to provide assistance to beneficiaries in securing an education tending to fit the beneficiary for a life of useful work. The beneficiaries were to be selected by her trustees. Her intent is clearly expressed in her own language in the 1st sentence of the clause wherein it is stated: " It is my intention by this my last will and testament to provide for the establishment of an Educational Fund to be devoted to educational uses." Further on, the testatrix expresses her conviction " that one person well equipped with an education sufficient for his or her life work, whatever that life work may be, can be of greater service to humanity than numbers ill equipped." The income is to be applied " for the purpose of assisting such person or persons to prepare for his or her or their life work." Aid was to be given the beneficiaries in acquiring " any education of any nature or kind whatsoever in the discretion of the trustees tending to fit the beneficiary for a life of useful work." It seems clear that the purpose of the testatrix was within the language of section 113 of the Real Property Law (as amd. by Laws of 1909, chap. 144, and Laws of 1919, chap. 71) and section 12 of the Personal Property Law (as amd. by Laws of 1909, chap. 144, and Laws of 1911, chap. 220), which statutes authorize gifts " to religious, educational, charitable or benevolent uses." There is no suggestion of a private purpose or private gain. The whole purpose expresses a charitable use to aid part of the public in attaining an education to prepare

them for their life work. Says Judge CHASE in *Matter of Robinson* (203 N. Y. 380, 387): "Charity at least includes any department or extent of education primarily and fairly calculated to make the recipient self-supporting. A gift is not without the bounds of charity because the training contemplated thereby may include special or specific education."

Since the original enactment of the Tilden Act (Laws of 1893, chap. 701, as amd. by Laws of 1901, chap. 291), which is now contained in section 113 of the Real Property Law and section 12 of the Personal Property Law, it has been uniformly held that the law of charitable uses as it existed at the time of the American Revolution was restored and that the doctrine favorable to charitable uses was again at least as broad as declared in the case of *Williams* v. *Williams* (8 N. Y. 525). (*Allen* v. *Stevens*, 161 N. Y. 122; *Matter of Griffin*, 167 id. 71; *Matter of Robinson*, supra; *Matter of Cunningham*, 206 N. Y. 601; *Butterworth* v. *Keeler*, 219 id. 446.) A charitable use, therefore, which involves a perpetuity is no longer invalid, nor does the fact that the beneficiaries of the trust are indefinite in any way vitiate the charitable use. A charitable use is public and for indefinite beneficiaries.

This history of charitable uses has been so often traced that it may not be discussed again with profit in this opinion.

As to the second question brought up for review, that the following provision contained in paragraph 9 of the will directs, by implication at least, an accumulation of income, viz.: "I direct that before any benefit of the said Fund be conferred upon any person the said person shall agree to restore to the Fund the amount which he or she shall draw therefrom and to begin to make payments in return to the said Fund within five years after entering upon his or her life work, in whatever business or profession or service he or she may enter," the learned surrogate held in effect that the testatrix contemplated an increasing fund for educational purposes, based upon a small initial fund with additions from loans repaid; that when beneficiaries restored to the fund the amount borrowed, these amounts were to be added to the principal of the fund and that consequently there was an illegal accumulation of income in violation of the statutes.

What is an "accumulation?" It has been defined in *Hascall* v. *King* (162 N. Y. 134, 142) as follows: "The meaning which the word 'accumulation' has in course of time come to have in our law is stated in the Century Dictionary as follows: 'The adding of the interest or income of a fund to the principal, pursuant to the provisions of a will or deed preventing its being expended.'" And in 1 C. J. 734: "Accumulation results from

a, withholding of the income of property for the purpose of creating an increased and constantly increasing fund for distribution at a future time, or from the adding of the interest or°income of a fund to the principal pursuant to the provisions of a will or deed, preventing its being expended."

We see nothing in the clause of the will above quoted which prevents the expenditure of income. " A construction which is fairly within the rules of law and that sustains the trust and devotes the fund included therein to purposes permitted by law and to the good of humanity should be preferred." (*Matter of Robinson, supra.*)

The clause fairly construed with this principle in mind  means that income loaned out to a beneficiary if repaid shall immediately be again applied to the use of another beneficiary for the educational use provided for in the will.  There would then be no resulting accumulation with addition to the capital account; nor would there be any withdrawal of income from use.

There being no accumulation, there is no violation of the statutes with reference to prohibited accumulations.

The final decree so far as appealed from should be reversed, with costs to the appellants payable out of the estate.

BLACKMAR, P. J., KELLY, JAYCOX and MANNING, JJ., concur.

Final decree of  the Surrogate's Court of  Orange county, so far as appealed from, reversed, with costs to the appellants payable out of the estate, and matter remitted to said court with direction to enter  decree in accordance with the opinion by Mr. Justice KELBY.