James J. Lest, J.
The Attorney-General brings this proceeding for judgment directing the United States Institute for Theatre Technology (tjsitt) to register with and report to the Attorney-General pursuant to the provisions of EPTL 8-1.4 and the rules and regulations for the supervision of charitable trusts in New York, promulgated by the Attorney-General (13 NYCRR Part 100).
tjsitt was organized in 1960 under the Membership Corporations Law. Its incorporators included outstanding figures associated with theatre, design and construction drawn both from the academic and professional world. Its certificate of incorporation as originally filed sets out, among the purposes:
“(c) To publish and disseminate the results of studies undertaken within the scope and purposes of the corporation. * # *
“(e) To recommend practices in the field of theater planning and design, construction, equipment, presentation, and operation, based on the experience of those engaged in living theater, both dramatic and musical, on all levels as developed by research and investigation in those fields.
“ (f) To provide representation and participation in conferences, assemblies, and other gatherings where matters of theater planning and design, construction, equipment, presentation and operation are discussed.”
In November of 1965, tjsitt applied to the United States Internal Revenue Service asking that it be accorded tax-exempt status under section 501 (subd. [c], par. [3]) of the Internal Revenue Code (26 U. S. Code, § 501, subd. [c], par. [3]) “ as a non profit educational corporation ’ ’. The Internal Revenue Service approved the application, but required tjsitt to amend its certificate of incorporation to include the word “ charitable ’ ’ in its over-all classification of purposes. The by-laws, as amended, now read: “Purposes. This Corporation is organized and shall be operated exclusively for charitable, educational and scientific purposes, and in furtherance thereof, and for no other purposes shall ”.
Subdivision (a) of EPTL 8-1.4 defines who is a “ trustee ” subject to supervision by the Attorney-General: “ (a) For the purposes of this section, ‘ trustee ’ means (1) any individual, *975 group of individuals, corporation or other legal entity holding and administering property for charitable purposes, whether pursuant to any will, other instrument or agreement, court appointment, or otherwise pursuant to law, over which the attorney general has enforcement or supervisory powers, (2) any non-profit corporation organized under the laws of this state for charitable purposes
Subdivisions (d), (f) and (g) of EPTL 8-1.4 require registration and reporting by trustee. Subdivision (h) provides for the promulgation of rules and regulations to implement the administration of the statute. Section 100.1 of the rules and regulations headed “ To Whom Rules and Regulations Apply ” states: “Any trustee, as defined in subdivision 1 of Personal Property Law, section 12-b and Real Property Law, section 113-a [now EPTL 8-1.4], not otherwise exempted * * * holding and administering any property whatsoever for charitable purposes is subject to and must comply with these sections and with these rules and regulations. For this purpose, the word trustee includes * * * corporations * ° ® holding and administering property for charitable purposes and the word trust includes the fiduciary responsibilities of all of the foregoing individuals or entities.” (13 NYCRR 100.1.)
Subdivision (m) of EPTL 8-1.4 provides, in part: “ The attorney general may institute appropriate proceedings to secure * * ° the proper administration of any trust, corporation or other relationship to which this section applies.”
tjsitt states in its answer that it is not a charitable corporation and consequently is not obligated to register; that there have been no complaints either formal or informal suggesting any wrongdoing by the respondent. The respondent states that the only issue is whether the phrase “ charitable, educational and scientific in its purposes ” requires it to register even though the activities of the respondent are * ‘ clearly educational ”. The respondent concedes that it will be required to register and report but only at such time as it receives any property for charitable purposes. It represents that it does not now hold such property nor that has it administered such property in the past.
Clearly, the respondent “holds and administers property for charitable purposes ” (Butterworth v. Keeler, 219 N. Y. 446). In People ex rel. Doctors Hosp. v. Sexton (267 App. Div. 736, 741) the court stated: “Moreover, the legal meaning of charitable purposes is not necessarily limited to free service to the poor. ’ ’
*976 The activities of the respondent are charitable purposes. Its resources and the current dues of its members must he applied for the purposes for which usitt functions and article 8 of EPTL charges the Attorney-General with visitatorial responsibility over charitable trusts “so as to effectuate its general purpose of protecting the public interest in charitable uses, purposes and dispositions ” (EPTL 8-1.4, subd. [n]).
There is no suggestion made in this proceeding that the respondent has at any time misapplied any funds or acted improperly in any manner. The general legislative intent was to provide blanket protection to the public, to prospective contributors to charitable trusts and to the specific beneficiaries by conferring visitatorial functions on the Attorney-General. The intent is to aid and protect such activities, not to impede them. 'Significantly, subdivision (h) of EPTL 8-1.4 provides in part: “ (2) periodic reports shall not unreasonably add to the expense of administration. The attorney general may suspend the filing of reports as to a particular trustee for a reasonable, specifically designated time upon written application of the trustee filed with the attorney general and after the attorney general has filed in the register of trustees a written statement that the interest of the beneficiaries will not he prejudiced thereby and that periodic reports during the term of such suspension are not required for proper supervision by his office.”
The respondent is directed to register and report.