Hon. Gail S. Shaffer Secretary of State New York State Department of State
You have asked whether the registration and reporting requirements of article 7-A of the Executive Law apply to organizations such as labor unions, trade associations and other membership organizations which receive State grants in excess of $25,000 for the training and education of its own members but do not solicit contributions from the general public and, therefore, have not registered in the past. In addition, you have inquired whether such membership organizations must register with the Department of State if the training and education programs will be provided both to members and to the public at large.
Article 7-A of the Executive Law was enacted to regulate the operation of organizations which are now engaged, or purport to engage, in charitable activities. In order to determine whether an organization must comply with the registration requirements of article 7-A, it is necessary to examine the nature of the organization, the source of its funding, the purposes of the organization and the purported beneficiaries of the organization.
Article 7-A states that a charitable organization is "any benevolent, philanthropic, patriotic, or eleemosynary person or one purporting to be such" (Executive Law, § 171-a[1]). A "person" is further defined as "any individual, organization, group, association, partnership, corporation, or any combination of them" (Executive Law, §171-a[3]). The broad definition given to charitable organizations under article 7-A contemplates the inclusion of labor unions, trade associations, and other membership organizations engaging in charitable activities.
Specifically excluded from the statutory requirements are organizations which do not receive contributions in excess of $25,000 (Executive Law, § 172-a[2][d]). Included within the definition of "contribution" under article 7-A is "a grant or other financial assistance from any agency of government" (Executive Law, § 171-a[2]). Thus, the statute encompasses labor unions, trade associations and other membership organizations which receive State grants in excess of $25,000, provided they are engaged in charitable activities.
Charitable organizations may be defined as not-for-profit entities dedicated in purpose to public improvement which includes activities not only to alleviate suffering or want, but also to promote public knowledge and generally advance the quality of life. "A charitable use . . . may be applied to almost any thing that tends to promote the well-doing and well-being of social man" (Ould v Washington Hospital for Foundlings,95 U.S. 303, 311 [1877]). Clearly training and education are considered charitable purposes (Lefkowitz v United States Institute for TheatreTechnology, 64 Misc.2d 973 [Sup Ct, N Y Co, 1970]; Butterworth v Keeler,219 N.Y. 446, 449-450 [1916]). The registration requirements of article 7-A may be appropriate even when all the purposes of the institution are not charitable (Green v Javits, 7 Misc.2d 312, 314 [Sup Ct, N Y Co, 1957]).
The key inquiry here is whether an organization is receiving a State grant for the purpose of benefiting the public as distinct from only its own membership. If the purpose of the grant is confined to the membership of the organization, then such an activity cannot be deemed charitable for the purposes of the reporting requirements of article 7-A. A public benefit is vital to a classification as a charitable endeavor. To be deemed a charitable gift, the benefit must be conferred on the public, or an indefinite portion of the public such as the poor or needy, as distinct from specific individuals (Matter of Altman, 87 Misc. 255, 260
[NY Co, 1914]; Matter of Davidge, 200 App. Div. 437, 440 [2d Dept, 1922]). Inherent in the concept of charity is the notion that beneficiaries are uncertain, consisting of a class of persons described in some general language often changing in its individual members (Matterof MacDowell, 217 N.Y. 454 [1916]).
An organization which receives a State grant in excess of $25,000 for the education and training of only its own members, therefore, is not deemed a charitable institution for purposes of article 7-A because its activities benefit only specific beneficiaries (1980 Op Atty Gen 74). Benefiting one's own organization is not a charitable endeavor. When no portion of the funds are used for the public or for any class of the public, an organization is not deemed to be charitable. Conversely, when an organization receives a State grant in excess of $25,000 for the education and training of its own members as well as the public or the community at large, then such an organization must register with the Secretary of State as a charitable organization (ibid.). Education and training of the public are charitable purposes (Lefkowitz, supra;Butterworth, supra).
The broad purpose of article 7-A is to protect the public. Consistent with this purpose is the registration of charitable organizations which solicit funds from the public either directly or by requesting tax dollars. Article 7-A specifically excludes from its requirements those organizations which solicit only from their own members or those who solicit contributions for the relief of any individual (Executive Law, § 172-a[2][a], [b], and [c]). Implicit within the statute's exemptions is a recognition that when the activities of an organization benefit its own members exclusively that membership will have an interest in protecting its funding. But when the charitable activities of an organization extend beyond its own membership to reach the public at large or a segment of it, then it is incumbent on the State to protect its funds so that they are used for the intended purposes.
We conclude that the registration and reporting requirements of article 7-A apply to organizations that receive State grants in excess of $25,000 for the training and education of both members and non-members of the organization. Registration with the Department of State is not required of an organization that receives State grants in excess of $25,000 for the training and education of only its own members.