Where testator devised the residue of his estate to trustees to apply the income to the maintenance of his two incompetent sons for life, the beneficiaries were entitled to have the entire income paid to their committee.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 684.*]

2. WILLS (§ 684*)—"USE."

The word "use," according to its ancient definition, included every form of beneficial or equitable estate; there being no more all-embracing term for any estate less than legal. When used, however, in a will bequeathing the residue of testator's estate to the "maintenance and use" of testator's two sons, it was not restricted in meaning either in itself or by its association with the word "maintenance," but should be construed to evidence testator's intention to give to the sons the entire income of the property.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 684.*

For other definitions, see Words and Phrases, vol. 8, p. 7230.]

Judicial settlement of the accounts of Julius Scharmann and Justus Bleidner, as sole qualified trustees under the will of Frederick Westphal, deceased. Decree ordered.

Frank Obernier, for trustees.

John M. Zurn, for committee of the incompetents.

Leroy W. Ross, special guardian for Rosie Westphal, infant.

Charles Hentschel, Jr., for Justus Bleidner, trustee.

George M. S. Schulz, for Catherine Orthey, Elizabeth Stegman, Frederick Westphal, Ella Andrews, and Mary Wells.

KETCHAM, S. Construction is required of the following paragraph of the will under which trustees are accounting:

"Second. I give, devise and bequeath all the rest, residue and remainder of my real and personal estate to my friends, Julius Scharmann, Pastor Gustav Sommer and Justus Bleidner, the survivors or survivor of them, or such one or more as may accept the trust, in trust to enter upon and take possession of my real and personal estate, and apply the income, revenue and profit to the maintenance and use of my two sons, Wilhelm and George, during their natural lives, or the life of the survivor of them, excepting that my six lots on Newtown Heights, Queens Co., shall pass to and be the absolute property in fee of my other five children.

"I hereby appoint my said friends, Julius Scharmann, Gustav Sommer and Justus Bleidner to be executors of this, my last will and testament, with full power to my said trustees to sell and convey my real estate."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The will does not contain any remainder over or other alternative disposition with respect to the income. The two beneficiaries have been incompetent from birth, and there is in the hands of the trustees a balance of accumulated income over and above that which has been in the past necessary for their support.

The trust is not to apply the income of each year to the support of the beneficiaries during that year. Its provision is that the income shall be devoted to the maintenance and use of the incompetents during their natural lives. It is thus intended that income accrued in the past and not expended shall be held for disbursement in the future, upon any emergency which may arise to involve an expenditure greater than that which has heretofore been found sufficient in each year. To take out of the trust the unapplied income would, in case of increased need in the future, put upon the testator's benefaction a limit which he did not set and would violate his purpose. Hence, if there were a provision which limited one of these beneficiaries only to so much of the income as was needed for his support, the excess not required to fulfill the purpose of the trust could only be ascertained at the end of his life, and the fund would remain in the trust in the meantime. Any right which might supervene upon the interest of the beneficiary would be abated, in enjoyment at least, until it became known that the beneficiary no longer needed the provision for his maintenance; but no right in remainder or other alternative gift of the income appears, and the trust to apply the income to the maintenance and use of the beneficiaries vests the entire income in them.

"Use" is the ancient definition for every form of beneficial or equitable ownership. There is no more all-embracing term for any estate which is less than legal. The history of the word must be forgotten before it can be reduced by the special guardian's argument to bear, in respect to the language of the trust, its colloquial meaning. Whatever its limitations, it cannot be made to betoken in a will such employment or enjoyment as the needs of the user may require. Nor is it reasonable to restrict its meaning in this will by its association with the word "maintenance." The provision for these incompetents can only be satisfied by the payment to them of the entire income. Were they competent, no one would doubt that the trust to apply the income to their "maintenance and use" would vest in them the equitable right to the whole income. The construction of the will is not to be affected by the casual circumstance of their incompetency. That which would have been theirs if they had been capable of managing their affairs remains theirs and should be paid to their committee.

Decreed accordingly.