In the Matter of the Last Will and Testament of MARY CATHE-
RINE LUCE, Deceased.

Surrogate's Court, Chautauqua County, December 13, 1926.

Wills — construction — testatrix by will, after giving all property to
    husband "to be his absolutely during his lifetime" directed that
    property "not used in the maintenance" of said husband at his death
    be given to her niece and nephew — testatrix's husband received life use
    of property with right to invade principal if necessary — real property
    may be sold in event income be insufficient for support of husband —
    phrase "remaining part of my estate" deemed to mean remainder
    at time of death of husband, subject to right of invasion.

A will by which testatrix after giving all her property to her husband "to be his
    absolutely during his lifetime" directed that said property "not used in the
    maintenance" of said husband be given to her niece and nephew, must be
    construed as indicating an intention on the part of said testatrix to give her
    husband a life use of all her property with the right to invade the principal
    in the event the use of the life estate became insufficient to support and maintain
    him. Moreover, in the event that the property of testatrix's estate, other than
    the real property given to testatrix's niece and nephew, should be insufficient
    for the support and maintenance of her husband, then said property may be
    sold for that purpose.

The phrase "remaining part of my estate," as expressed in testatrix's will, means
    the remainder at the time of the death of her husband, subject to the right
    of invasion.

PROCEEDING for construction of will.

*Wilson C. Price*, for the petitioner.

*MacFarlane & Harris*, for the legatees and devisees.

*J. Simpson Kline*, for the Mary M. Packer Hospital.

REXFORD, S. The National Chautauqua County Bank, the administrator with the will annexed of this estate, presents its petition to this court, asking for a construction of the last will and testament of the decedent. The paragraphs to be construed are the "second," "third" and "fourth" which read as follows:

"*Second.* I hereby give and bequeath all of my property both real and personal — wherever found — to my beloved husband, Francis Berton Luce — to be his absolutely during his life time. I also appoint him to be my executor.

"And it is further my desire, that the property both real and personal — not used in the maintenance of my beloved husband —

at his death — shall be given to my beloved niece and nephew Mrs. Florence Ann Cooksley and Floyd Addison Bradstreet. I hereby appoint my nephew as Executor of my remaining estate and guardian of Mrs. Florence Ann Cooksley.

" In case of my niece, Mrs. Florence Ann Cooksley's death I desire that my remaining estate shall be given to my nephew, Floyd Addison Bradstreet, he to be his own Executor.

" In case of my nephew, Floyd Addison Bradstreet's death I desire that my remaining estate shall be given to my niece, Mrs. Florence Ann Cooksley — she to be her own Executrix.

" It is further my desire that at the death of all my legatees, the remainder of my estate — if any — shall be given to the Mary M. Packer hospital of Sunbury Penna.

" *Third.* At the death of both my husband and myself, I give our present home and its contents at #104 East Fifth Street, Jamestown, New York, to my niece, Mrs. Florence Ann Cooksley — to be hers absolutely — I also give the property at #901 North Main Street, Jamestown, New York, to my nephew Floyd Addison Bradstreet — after the death of both my husband and myself — to be his absolutely.

" *Fourth.* At the death of both my husband and myself I bequeath the remaining part of my estate — one fourth of it — and his commission to my nephew Floyd Addison Bradstreet and the remainder to Mrs. Florence Ann Cooksley. It is further my desire that my watch be given — at my death — to my niece, Mrs. Florence Ann Cooksley."

The evidence discloses that the decedent and her husband, Francis Berton Luce, lived in the city of Jamestown, Chautauqua county, for many years, and at the time of her death there were no living children. This couple was very fond of one another and held very confidential business relations.

All their property with the exception of one house and lot was owned by the decedent, and this couple had been supported for many years from the income of their property.

It is evident from reading the whole will and from the evidence disclosed at the hearing that the decedent had in her mind, at the time the will was prepared, to adequately provide for her husband from her estate, for in the 2d paragraph of her will she uses this language: " I hereby give and bequeath all of my property both real and personal — wherever found — to my beloved husband, Francis Berton Luce." If she had stopped there there would be no question but what the husband, Francis Berton Luce, would have taken title in fee to all the real property, and absolute ownership to all the personal property. However, in the same

paragraph she uses this language: " to be his absolutely during his life time." This limits him to the life estate in the real property and the use of the personal property. However, she further provides in the same paragraph: " And it is further my desire, that the property both real and personal — not used in the maintenance of my beloved husband — at his death — shall be given to my beloved niece and nephew Mrs. Florence Ann Cooksley and Floyd Addison Bradstreet."

It is evident by this language that she not only intended to give him the use of her real and personal property during his lifetime, but she intended that he could invade the principal for his maintenance and support if it became necessary.

After the death of her husband, Francis Berton Luce, in the 2d paragraph she gives her property then remaining to Florence Ann Cooksley and Floyd Addison Bradstreet, and in the event of the death of either, they succeed to the other's share.

It is not necessary to discuss the last clause of the 3d paragraph of the decedent's will relating to the bequest to the Mary M. Packer Hospital, as all of the beneficiaries under her will were living at the time of her death and it was evidently her intention that the Mary M. Packer Hospital should only succeed to her estate in the event of the death of all the legatees before the death of the testatrix. There are other reasons why this bequest is not legal.

In the 3d paragraph the testatrix gives the home and its contents situate at 104 East Fifth street, in the city of Jamestown, to Florence Ann Cooksley and the property at 901 North Main street, situate in said city, to Floyd Addison Bradstreet, after the death of the decedent and her husband.

It is evident from the reading of the whole will that these two pieces of property were to go to the beneficiaries, only in the event that it was unnecessary to use the principal of the estate for the support and maintainance of her husband.

It is not necessary for the court to discuss the 4th paragraph of this will as she had disposed of all of her property by the 2d and 3d paragraphs.

The attorney for the petitioner asks in his brief that certain questions be answered. These questions are answered as follows:

*First.* That Francis Berton Luce takes a life estate in both the real and personal property of the decedent.

*Second.* That in the event that the use of the property of this estate is insufficient to support and maintain the husband, he has the right to invade the principal.

*Third.* The specific properties willed to Florence Ann Cooksley and Floyd Addison Bradstreet vest in them, after the death of

Francis Berton Luce, subject to the right of invasion for the support and maintenance of the husband.

*Fourth.* That in the event that the property of this estate other than that situate at 104 East Fifth street and 901 North Main street should be insufficient for the support and maintenance of the husband, then these two pieces of property may be sold for that purpose, both together.

*Fifth.* The phrase " remaining part of my estate " as expressed in paragraph 4 means the remainder at the time of the death of Francis Berton Luce, subject to the right of invasion.

*Sixth.* That if it becomes necessary to sell the real property to pay the debts of the decedent or for the purpose of his support and maintenance, the property situate at 104 East Fifth street and 901 North Main street should be sold last.

*Seventh.* That when the executor with the will annexed has reduced the property to possession, paid the debts and expenses and the statutory time has run for it to account, a trustee should be appointed to whom the avails of this estate should be intrusted to carry out the provisions of the will as above construed.

An order may enter carrying into effect the foregoing construction.