In the Matter of the Estate of GEORGE F. UPHAM, Deceased.

Surrogate's Court, Westchester County, June 17, 1936.

*Avery, Taussig & Fisk*, for the petitioner Central Hanover Bank and Trust Company, as executor.

*Clifton S. Hadley*, for the Worcester County Trust Company.

SLATER, S.   In the judicial settlement of the intermediate account of proceedings of the executor, construction is sought of the fourth paragraph of the will.

The will was executed on October 11, 1934.   The decedent died on November 20, 1935.   Letters testamentary were issued to the executor on February 5, 1936.   The estate accounted for amounts to upward of $196,000.   In addition to these assets, there are assets located in the State of Massachusetts estimated at the value of about $12,000.   The Worcester County Trust Company has been appointed temporary administrator of that portion of the estate located in Massachusetts.   The will bequeathed two legacies of $10,000 each and certain personal property to two nieces.   Then follows the fourth paragraph of the will, which is as follows:

"4

"All the rest and residue of my estate I give to the Worcester Bank & Trust Company, Worcester, Massachusetts, in trust nevertheless, for the following purposes:

" (a) To receive said property and, in its own discretion but within a reasonable time, to convert the same into cash; and

" (b) To expend a sum not in excess of $25,000.00 in the erection of an entrance to and a wall around the Evergreen Cemetery, in said East Brookfield; said entrance and wall to be similar in material and style to those at the cemetery in New Braintree, Massachusetts; and

" (c) To pay over the residue of said fund in equal shares to the Masonic Lodges of North Brookfield, Brookfield and Spencer, Massachusetts, to be invested by them respectively in ways that would be legal for Massachusetts savings banks; the income to be used for the relief of the poor (not necessarily Masons) in such ways as the respective lodges may vote in open meeting.

" 5

" I nominate the Central Hanover Bank & Trust Company, of New York City, to be the executor of this will."

The petitioner prays for the construction of the trust created in paragraph fourth of the will and the subdivisions thereof. The Worcester County Trust Company (named in the will as " Worcester Bank & Trust Company ") appears by counsel and contends that it is authorized under the laws of Massachusetts to receive appointments as trustee and that it is the intention of the trust company to comply with section 223 of the Banking Law of the State of New York and seek to qualify as trustee of the trust created by paragraph fourth of the will.

It is not entirely unusual for a testator to name in his will an executor, either an individual or corporate, and also name a different individual or corporation as trustee.

That is what the testator did in the instant case. The accounting executor's job is through when the complete settlement of the estate has been made. The court, by its decree upon the final accounting, will direct that the rest and residue of the estate be given to the Worcester County Trust Company of Worcester, Mass.

The question arises as to how such residuary estate is to be held by the foreign trust company. The foreign trust company cannot take it over upon an express trust. It is charged with the power and the duty " within a reasonable time " to convert the estate into cash and to expend a sum not in excess of $25,000 in the erection of " an entrance to and a wall around " the Evergreen Cemetery in East Brookfield, Mass. It becomes a trustee for the erection of " an entrance to and a wall around " the cemetery. This is a charitable trust pursuant to section 13-a of the Personal Property Law.

The gift of the balance of the residuary estate, after the erection of the wall around the cemetery, may be taken by the foreign trust company and held as a power in trust, pursuant to section 140 of the Real Property Law.

The testator created a charitable trust, the income of the fund to be used for the relief of the poor. (Pers. Prop. Law, § 12.) The intent to make a gift for charity pervades the whole bequest and the court will give it effect.

The question arises, however, as to whether the three Masonic lodges are incorporated or whether they lack the capacity to take. A gift to an unincorporated society is void because the persons constituting its members are a fluctuating body, unknown to the court, irresponsible to the law, and incapable of receiving gifts over for

the purpose which the law denominates as charitable. Unincorporated associations cannot hold the legal title to property but property may be held in trust for them. The court will take proof that the three Masonic lodges are a branch or auxiliary to the Grand Lodge of Masons of the State of Massachusetts. The authorities will sustain a gift to a branch or auxiliary upon the theory that the deceased intended to name the grand lodge as a legatee and in such a case the courts will not permit a legacy to be defeated by a misnomer. (*Kernochan* v. *Farmers' Loan & Trust Co.*, 187 App. Div. 668; affd., 227 N. Y. 658; *Matter of Allen*, 111 Misc. 93, 121; affd., 236 N. Y. 503, and cases cited therein; *Matter of Watkins*, 118 Misc. 645, 649; Editorial, N. Y. L. J. March 7, 1934.)

Should the three Masonic lodges become incorporated in the meanwhile, they may take over their share of the residuary estate from the foreign trust company which holds under the power conferred. (*Matter of Allen*, *supra*, at p. 121, and cases cited; *Matter of Winburn*, 139 Misc. 5; *Matter of Dering*, 140 id. 357.)

The intention of the testator was not to create a trust for the three Masonic lodges, but to make an immediate gift to them so that they might take and hold the property as a donation, the income of which is to be used for the relief of the poor. (*Matter of Borden*, 142 Misc. 44, 46.)

In *Manley* v. *Fiske* (139 App. Div. 665; affd., 201 N. Y. 546) the court found no difficulty in upholding the provisions of the trust for charitable uses, the object of it being to assist poor needlewomen.

A gift for the benefit of the poor is a charitable trust. (*Matter of Rasquin*, 159 App. Div. 845; *Matter of Robinson*, 203 N. Y. 380.)

It has been held that a foreign and municipal corporation when authorized by the law of its State may take and hold gifts for the benefit of the poor, which is a charitable purpose. (*Matter of Burnham*, 112 Misc. 560.)

A gift is a charitable one if the purpose to be attained is not a personal, private or selfish one. (*Matter of MacDowell*, 217 N. Y. 454, 460.)

The court may find another way of upholding the will by invoking the principle of an *implied* charitable trust to be carried out by the Supreme Court. The clear indication of the decedent's desire to create a charitable trust in the Supreme Court may be administered as a trust for which a trustee is not named. The gift is a valid one to a public charity, in its broad sense, to be

administered by the court. To hold otherwise would permit the destruction of a broad charitable bequest. It was a gift implied, with a public trust and in the public interest.

As the foreign trust company is charged with the duty of proceeding within a reasonable time, the court herein will direct that, within six months after the receipt of the fund of the residuary estate by such trust company, it account to this court for its acts rendered pursuant to the trust, as well as the power in trust created by the fourth paragraph of the will. Letters of trusteeship may issue to the Worcester County Trust Company of Worcester, Mass., upon the filing of satisfactory proof that it has become qualified to receive letters of trusteeship in the State of New York pursuant to the laws of this State.

Proceed accordingly.