In the Matter of the Construction of the Will of Foster L. Lane, Deceased.

Surrogate's Court, Wayne County, August 2, 1951.

1004

*Howard E. Marshall, Jr.,* for Mabel E. Oaks, petitioner.

*Robert E. Horton* for Board of Supervisors of Seneca County.

*Augustus C. Nelson,* as executor of Katherine M. Carey, deceased, and as administrator *c. t. a.* of Foster L. Lane, deceased.

*Gleason & Doyle* for certain legatees of Katherine M. Carey.

BRASSER, S.  This is a proceeding on the petition of Mabel E. Oaks, a distributee of Foster L. Lane, for a determination as to the validity, construction or effect of the " Fourth " paragraph of testator's will.  By cross petition the executor prays for a construction of the " Third " paragraph of testator's will.

The third paragraph is as follows:  " I give, devise and bequeath to said Katherine M. Carey of Lyons, New York, the use, benefits, rents, income and profits of all my property of every kind, name and wheresoever situate for and during the period of her natural life, and I also give her the right to invade the principal of my Estate and to use so much thereof as she may wish even to the using of the whole thereof, leaving it to her to be the sole judge of the amount she may wish to use."

The will of Foster L. Lane was admitted to probate on February 14, 1950, and reprobated on April 10, 1951.  Letters testamentary were issued to Katherine M. Carey.  She died

testate on September 23, 1950, and letters testamentary under her will were issued to Augustus C. Nelson, who was subsequently appointed administrator *c. t. a.* of the estate of Foster L. Lane.

Among the assets of Foster L. Lane was a parcel of land in the town of Lyons, N. Y. On June 15, 1950, Katherine M. Carey as executrix conveyed this real estate to herself individually, and by deed dated the same day reconveyed to three grantees as tenants in common for $10,000, taking $5,000 in cash, and securing the remaining $5,000 by a mortgage on the premises executed by the three grantees.

Do the proceeds of the sale, including the mortgage, or so much thereof as are provable upon an accounting, belong to the estate of Foster L. Lane or the estate of Katherine M. Carey? Was the transfer by Katherine M. Carey, as executrix, to herself individually, such a " use " as was contemplated by the testator? The words " use " and " consume " are synonymous, meaning " to enjoy the benefits of ". (Black's Law Dictionary.)

The intention of the testator is reasonably clear. He desired that the legatee Carey consume so much of his estate as she wished during her lifetime, she to be the " sole judge " as to the amount she wished to consume. She received substantial property in fee upon his death, in addition to the use of the real property transferred to herself, in the form of United States bonds, and bank accounts held jointly, as well as insurance annuities payable to her as beneficiary. The testator did not make an absolute gift of his property to Katherine M. Carey. He anticipated that there might remain unused by legatee Carey a part of his estate. This contingency is provided for by the " Fourth " paragraph of his will.

Under the provisions of the will, the life tenant was required to act in good faith. The conversion of the real property into personal property and the attempt to bequeath the same by her will cannot be held to be acts of good faith within the contemplation of testator.

The executor must account, insofar as he is able, for the proceeds of the sale. Interested parties may be able to trace into his hands and identify a substantial part or all of these proceeds. The rights of the parties cannot be determined without proof of all these matters. (*Matter of Davies,* 242 N. Y. 196; *Seaward* v. *Davis,* 198 N. Y. 415; *Vincent* v. *Rix,* 127 Misc. 639, affd. 221 App. Div. 209, affd. 248 N. Y. 76; *Matter of Luce,* 128 Misc. 355; *Matter of Nugent,* 142 Misc. 594.)

I conclude that Katherine M. Carey received a life estate, and that the remainder unused at the time of her death was devised and bequeathed under the " Fourth " paragraph of testator's will.

The " Fourth " paragraph reads as follows:

" At the decease of the said Katherine M. Carey if there be any portion of my Estate remaining unused, I give the same to the Board of Supervisors of Seneca County, and their Successors in office to be used by said Board for the improvement, alterations, repairs, additions, or whatever changes may be desired to the Seneca County Home for the poor and which shall be for the betterment of the condition of the unfortunate people who may become inmates of said Home. The use to which said moneys shall be applied shall be determined by the Board of Supervisors of Seneca County, and to be used by said Board as the demand arises until the whole of my Estate is used up.

" The interest of this provision is that the poor of Seneca County shall have the benefit of balance of my Estate and that their lot in life may be made as light as possible.

"This bequest is given as a memorial to my father, George R. Lane, my mother, Frances A. Lane and my brother, Charles N. Lane, and the same is to be known and called ' The Foster L. Lane Memorial Fund.' "

This court has previously held herein that the Board of Supervisors is an unincorporated association. As such it is incompetent to take and hold property by devise or bequest, and the disability is not changed by the provisions of section 12 of the Personal Property Law or section 113 of the Real Property Law. (*Mount* v. *Tuttle,* 183 N. Y. 358; *Matter of Merritt,* 280 N. Y. 391.)

There is no provision that the fund or any part thereof shall be retained by the named beneficiary and the income expended for the purposes named. An absolute gift was intended, since the provision left it to the discretion of the board to use " said moneys " as the board shall determine, although the absolute gift is impressed with a public trust.

It was the intention of the Legislature " to enforce and uphold trusts not heretofore recognized as valid ". (*Dammert* v. *Osborn,* 140 N. Y. 30, 43; *Matter of Merritt,* 280 N. Y. 391, 399, *supra.*)

The gift is clearly for a general charitable use and must not fail by reason of the neglect of the testator to name a qualified trustee.

The Supreme Court may act to save a trust only when created for a general religious, educational, charitable or benevolent use as provided by statute.

A gift for the benefit of the poor is a " charitable trust ". (*Matter of Upham,* 160 Misc. 126, 128.)

Section 12 of the Personal Property Law provides that the Surrogate's Court of the county wherein the will is probated shall have jurisdiction concurrent with that conferred herein upon the Supreme Court, and in an appropriate proceeding may make a decree which shall direct that any such bequest in the will to religious, educational, charitable or benevolent uses shall be administered or expended in such manner as in the judgment of the Surrogate will most effectually accomplish the general purposes of such bequest, without regard to and free from any specific restriction, limitation or direction contained in the will.

Where a gift is made for charitable purposes to an organization which, though it is unincorporated, is a branch or subsidiary of a corporation, the courts have held the gift effective by awarding it to the corporation to be held by it in trust for the purposes of the gift. (*Prudential Ins. Co.* v. *New York Guild for Jewish Blind,* 252 App. Div. 493; *Kernochan* v. *Farmers' Loan & Trust Co.,* 187 App. Div. 668, affd. 227 N. Y. 658.)

" A county is a municipal corporation comprising the inhabitants within its boundaries and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as may be imposed or conferred upon it by law." (County Law, § 3.)

In *Sherman* v. *Richmond Hose Co.* (230 N. Y. 462), the court held that where a bequest was made to a company organized to suppress fires in a certain village which afterwards became a city, on the dissolution of the corporation, the fund could not be distributed to the members of the corporation but, in view of section 12 of the Personal Property Law and section 113 of the Real Property Law, the court, in view of the cy pres doctrine, could require the fund to be held in trust by the city for fire protection purposes. The court approved the refusal of the lower court to award the fund to individuals, holding that the fund was impressed with a public trust and that the administration of the fund by a municipal corporation would most effectually accomplish the general purpose of the bequest and that the exercise of the cy pres doctrine always involves a large measure of discretion.

In *Matter of Rasquin* (159 App. Div. 845), the Appellate Division declared that a bequest to " the poor of " a certain town is valid and that a town has the power to accept money sought to be given to it and dispose of the same as directed by the testatrix.

The absence of express words of trust in a gift for charitable purposes does not prevent the application of the cy pres powers of this court. (*Bowman* v. *Domestic & Foreign Missionary Soc.*, 182 N. Y. 494; *Matter of Durbrow*, 245 N. Y. 469.)

The gift is awarded to the County of Seneca to be held by it in trust for the purposes expressed in testator's will. (*Prudential Ins. Co.* v. *New York Guild for Jewish Blind, supra.*)

It may be assumed that the fund will be administered on behalf of the County of Seneca through the agency of the Board of Supervisors pursuant to power conferred by subdivision 1 of section 215 of the County Law.

Submit decree on notice.