William T. Collins, S.
The sale of the real property by the trustees is approved.
The fourth clause of the testator’s will is a remarkable example of ambiguity resulting from the repetitive employment of a limited legal vocabulary for the delineation of various and variant estates and relationships. This clause devised designated real property to trustees to hold for the use of the testator’s named distributees, their spouses and children. “ Use ” as a word of art is the ancient definition for every form of beneficial or equitable ownership and it has been said that “ There is no more all-embracing term for any estate which is less than legal.” (Matter of Scharmann, 63 Misc. 640, 642.) The word may define a legal life estate in property and the right to the income therefrom with or without power to consume the property. (Matter of Taylor, 149 Misc. 705, affd. 242 App. Div. 608; Matter of Lane, 201 Misc. 1003; Real Property Law, § 90.) However, this testator’s intention was to create a trust and not legal life estates. It would seem from the direction as to the disposition of trust income, “ in the event there are any rents, issue and profits ”, that the testator envisioned two situations. In the first of these his relatives would have the enjoyment of the property and there would be no income derived from it, while in the second possibility there would be rents and profits from the leasing of the property to others. The distinction thus made *558 between a situation in which the property would be nonproductive and a situation in which it would be productive of income leads to the conclusion that the word ‘ use ’ ’ was employed in a nontechnical sense to denote an occupancy of the property by the family under circumstances which would present no problem of income distribution. The later provision for distribution of income, if there should be any, is that it be divided among the beneficiaries named in the clause. The conclusion is reached that the recipients of income would be the individuals mentioned in the clause by given and family names and that nonrelatives and issue of living children would not participate. The word “issue” appears throughout the will. In some cases it is descriptive of the testator’s children and in other places is descriptive of descendants of every degree but if anything in the fourth clause- can be said to possess clarity it is the thought of a stirpital distribution through substitutional gifts to issue in the event of the death of a child of the testator as opposed to primary gifts to issue of his children. The same reasoning leads to the conclusion that upon the termination of the trust through the sale of the realty the proceeds are distributable to the persons referred to by name in the fourth clause of the will. Since those persons all survived the trust’s termination no question is presented as to the right of the issue of a deceased child to take the share of his parent.
Submit decree on notice construing the will and settling the account.